DA 07-0033

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 337N

IN RE THE MARRIAGE OF:

KENNETH M. ESTEP,

      Petitioner and Appellant,

  v.

LINDA K. LARSON, f/k/a LINDA K. ESTEP,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 97-84962,
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:
questionnaire

      For Appellant:

          Torrance L. Coburn, Tipp & Buley, Missoula, Montana

      For Appellee:

          Kevin S. Jones, Christian, Samson, Jones & Chisholm, PLLC,
Missoula, Montana

Submitted on Briefs: October 17, 2007

Decided: December 14, 2007

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Kenneth M. Estep (Estep) appeals from the judgment and order of the Fourth Judicial District Court, Missoula County, requiring Estep to pay Linda K. Larson (Larson) back-due spousal maintenance and reducing Estep's maintenance obligation from $550.00 to $372.50 per month.  We affirm.

¶3    Estep and Larson entered into a Marital Agreement that was incorporated into the District Court's Decree of Dissolution on November 12, 1997.  Pursuant to that agreement, Estep agreed to pay Larson $550.00 per month in maintenance until the death of either party, the remarriage of Larson, Larson co-habitating in a marriage-like relationship, or "the retirement of [Estep]."  At that time, Estep was employed by Montana Power (now Northwestern Energy), and the "Division of Property" section of the Marital Agreement provided that Larson was also entitled to one-half of Estep's retirement income from Montana Power.

¶4    On May 14, 2002, Estep's employment with Northwestern Energy was terminated after he repeatedly violated company policy, but he had worked long enough to become immediately eligible to receive retirement benefits.  Larson thus began to receive a

2

portion of Estep's company retirement in the amount of $177.65 per month. Shortly thereafter, Estep indicated to Larson that he did not intend to continue working, and stopped making maintenance payments to Larson. Approximately three years later, however, Larson learned that Estep had been, and continued to be, regularly employed by a different employer since shortly after his Northwestern Energy employment was terminated. Thus, on March 30, 2006, Larson filed a motion with the District Court to enforce the terms of the Marital Agreement.

¶5 Larson's motion was heard before Standing Master Susan P. Leaphart, who held that none of the requirements for discontinuing Estep's maintenance obligation to Larson had been satisfied and that Estep owed Larson back-due maintenance of $24,750.00. The District Court upheld the Standing Master's findings of fact and conclusions of law on review, specifically finding that Estep was not "retired" for purposes of the Marital Agreement. The District Court also granted a motion by Estep to modify his maintenance obligation, reducing it to $372.50 per month.

¶6 Estep argues that his maintenance obligation ended upon his "retirement" from Northwestern Energy. In support of this argument, Estep contends that the parties intended the use of "retire" and "retirement" in the Marital Agreement to mean Estep's retirement from Montana Power/Northwestern Energy only, not his retirement from the workforce in general. Estep also contends that Larson is estopped from arguing he did not "retire" because she stated that he had "now retired" from Northwestern Energy when she first moved to enforce the Marital Agreement in 2002. Further, Estep argues that continuing his $550.00 maintenance obligation after he was terminated from

3

Northwestern Energy, and enforcing the modified maintenance obligation of $372.50, would be unconscionable.

¶7 The construction and interpretation of written agreements is a question of law which we review de novo. *Marriage of Holloway*, 2000 MT 104, ¶ 5, 299 Mont. 291, ¶ 5, 999 P.2d 980, ¶ 5. We review a district court's findings of fact regarding maintenance modification to determine if they are clearly erroneous, and review a district court's determinations regarding substantial and continuing changed circumstances and unconscionability for an abuse of discretion. *Marriage of Schmieding*, 2003 MT 246, ¶ 14, 317 Mont. 320, ¶ 14, 77 P.3d 216, ¶ 14.

¶8 "We interpret the intent of parties to a contract from only the contract when the terms are unambiguous." *Marriage of Olson*, 2005 MT 57, ¶ 17, 326 Mont. 224, ¶ 17, 108 P.3d 493, ¶ 17 (citation omitted). Even assuming that Estep's termination from Northwestern Energy was a "retirement," it was clearly not the parties' intent that Estep's obligation to provide maintenance to Larson terminate when he merely retired from Montana Power/Northwestern Energy. If that was the case, he could have voluntarily terminated that employment immediately after entry of the Decree of Dissolution simply to avoid his maintenance obligation altogether, and then found new employment. Instead, the unambiguous language of the Marital Agreement indicates that the parties intended Estep to pay Larson maintenance until he "retired" from employment altogether. In addition, Larson was not estopped from arguing that Estep had not retired, because the only statement Larson made declaring that Estep had retired was made when Estep was receiving retirement benefits from Northwestern Energy and had expressed to Larson his

4

intention to no longer be employed. Estep returned to full-time employment shortly thereafter without notifying Larson.

¶9 Estep argues that both the amount of back-due maintenance and the modified monthly maintenance payments are unconscionable. However, Estep could have moved to modify his original maintenance obligation long ago, when he resumed employment at a lower wage following his termination from Northwestern Energy, if he believed it was too high. Instead, he sought to avoid the obligation altogether. Likewise, Estep has not persuaded us that the District Court's reduction of his obligation to $372.50 per month left him with a current payment which was unconscionable.

¶10 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court. The Court's review and adoption of the Standing Master's findings were sufficient.

¶11 We affirm the judgment of the District Court.


/S/ JIM RICE

5

We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS